IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENJAMIN WHITE, | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| STELLAR RECOERY, INC. | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Benjamin White, by and through undersigned counsel, and for his complaint against the Defendant, Stellar Recovery, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Benjamin White ("Plaintiff") is a natural person who resides in Wamego KS.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Stellar Recovery, Inc., is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. Stellar Recovery, Inc., is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a debt incurred through Dish Network ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about September 27, 2016, Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

10. On or about December 12, 2016, Plaintiff's counsel sent notice of representation to Plaintiff's creditors via certified mail, including to Stellar Recovery, Inc.

11. On or about January 3, 2017 Stellar Recovery, Inc. received and signed for Plaintiff's counsel's notice of representation letter.

12. On or about January 5, 2017, Stellar Recovery, Inc., contacted plaintiff directly via letter.

13. Despite receiving notice that Plaintiff was represented by an attorney, Stellar Recovery, Inc., continued to contact Plaintiff directly.

14. This letter by Stellar Recovery, Inc., is a communication in respect to a debt as contemplated by 15 U.S.C. § 1692c(c).

15. This communication by Stellar Recovery, Inc. violated 15 U.S.C. § 1692c(a)(2), in that Stellar Recovery, Inc., contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V.  JURY DEMAND

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. DESIGNATION OF PLACE OF TRIAL

Plaintiff requests a trial be held at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Benjamin White, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Stellar Recovery, Inc. and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Stellar Recovery, Inc. and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Stellar Recovery, Inc. and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Dated: August 16, 2017

Respectfully submitted,

**CREDIT LAW CENTER**

**By: /s/ KEITH WILLISTON**
Keith Williston #78645
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
Keithw@creditlawcenter.com
**Attorney for Plaintiff**